**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.                                                    No. 01-4865

WILLIAM WAYNE JOHNSON,
  *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
James A. Beaty, Jr., District Judge.
(CR-01-53)

Submitted: April 16, 2002

Decided: May 1, 2002

Before NIEMEYER, LUTTIG, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Louis C. Allen, III, Federal Public Defender, Eric D. Placke, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Lisa B. Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

William Wayne Johnson pled guilty, pursuant to a plea agreement, to one count of aggravated sexual abuse, in violation of 18 U.S.C.A. § 2241(a) (West 2000). Approximately three months after entering his plea of guilty, Johnson moved to withdraw his plea, which the district court denied. Johnson appeals the denial of his motion to withdraw his guilty plea.

We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. Ubakanma*, 215 F.3d 421, 424 (4th Cir. 2000). The defendant has the burden of demonstrating "a fair and just reason" for withdrawal. Fed. R. Crim. P. 32(e); *Ubakanma*, 215 F.3d at 424. A "fair and just reason" is one that challenges the fairness of the guilty plea colloquy conducted pursuant to Rule 11 of the Federal Rules of Criminal Procedure. *United States v. Puckett*, 61 F.3d 1092, 1099 (4th Cir. 1995). To determine whether a defendant has shown a fair and just reason for withdrawal, a trial court should consider the six factors set out in *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991). *Ubakanma*, 215 F.3d at 424. Although all the factors in *Moore* must be given appropriate weight, the key to determining whether to grant a motion to withdraw a guilty plea is whether the Rule 11 hearing was properly conducted. *Puckett*, 61 F.3d at 1099. This court closely scrutinizes the Rule 11 colloquy. An adequate Rule 11 proceeding creates a strong presumption that the guilty plea is binding. *United States v. Lambey*, 974 F.2d 1389, 1394 (4th Cir. 1992).

In this case, the district court conducted a thorough Rule 11 inquiry. In ruling on Johnson's motion to withdraw his plea, the district court considered each of the *Moore* factors and concluded that Johnson had failed to show a fair and just reason to allow him to withdraw his plea. Our review of the record convinces us that the district court did not abuse its discretion in denying Johnson's motion.

Accordingly, we affirm Johnson's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*